UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| IN RE DIRECTV LITIGATION | ) ) ) ) ) ) ) ) ) | 3:03-CV-646 <br> CAUSE NO. 3:05-CV-675 <br> 3:05-CV-676 <br> 3:05-CV-677 |

**AMENDED REPORT AND RECOMMENDATION**

On April 16, 2004, the court granted Defendants' motion to sever and ordered that all Defendants, except the first named Defendant, be dropped from this action effective May 24, 2004. The court ordered Plaintiff to file separate actions against the severed Defendants by May 24, 2004. However, on April 30, 2004, before the Defendants had been severed, this Court stayed this action pending the resolution of the bellwether cases. Because the stay was effective the day it was entered, the Defendants were never severed in accordance with the April 16, 2004 order. On August 11, 2005, Defendant Kathleen Fry filed a motion to dismiss, stating that she should have been severed pursuant to the April 16, 2004 order. The court granted Fry's motion on August 16, 2005. On August 25, 2005, Plaintiff moved for a clerk's entry of default against Defendants Anthony Edgington and Raul Cano. A clerk's entry of default was entered against Edgington and Cano the same day. On August 29, 2005, this Court recommended that the clerk's entry of defaults be vacated and that Edgington and Cano be dismissed as ordered by the April 16, 2004 order.

On August 29, 2005, Plaintiff filed a motion for reconsideration of the August 16, 2005 order granting Fry's motion to dismiss and on September 6, 2005, Plaintiff filed an objection to

this Court's original report and recommendation. On September 6, 2005, the court granted Plaintiff's motion for reconsideration and denied Defendant Fry's motion to dismiss. The court stated that a deadline for refiling a complaint against Fry would be established at the October 17, 2005 hearing. In addition, on September 9, 2005, the court vacated the entry of defaults against Edgington and Cano, but declined to enter an order dismissing these Defendants. On October 7, 2005, the court stated that this matter would be taken up before the undersigned at the October 17, 2005 hearing.

On October 17, 2005, this Court conducted an in-court hearing on all DirecTV litigation. At that time, Plaintiff explained that it could not refile the complaints as ordered in the April 16, 2004 order because the stay precluded the Defendants from being severed. Therefore, because the stay prevented Plaintiff from refiling the complaints, this Court **RECOMMENDS** that clerk's entry of defaults be entered against Defendants Edgington and Rano. Furthermore, this Court **RECOMMENDS** that, in accordance with this Court's October 21, 2005 order, Plaintiff be given until November 7, 2005, to pay the requisite filing fee for each of the three new cases against the remaining Defendants, Fry, Edgington, and Cano. Because the three remaining Defendants each have their own cause numbers now, and because the named Defendant in the original case has been dismissed, this Court **RECOMMENDS** that Cause Number 3:03-CV-646, DirecTV, Inc. v. Babick, be **DISMISSED**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. See Thomas v. Arn, 474 U.S. 140 (1985); Lerro v. Quaker Oats Co., 84 F.3d 239 (7th Cir. 1996).**
>
> **SO ORDERED.**

Dated this 2nd Day of November, 2005.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge

cc:   Edgington
    Cano